JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: denise.barton@usdoj.gov

Attorney for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. 09-1163 JSW |
|    Plaintiff, ) | |
| ) | [PROPOSED] ORDER OF DETENTION |
|    v. ) | |
| ) | |
| JOHN NATHAN, et al., ) | |
| ) | |
|    Defendants. ) | |
| _____ ) | |

    This matter came before the Court on December 16, 2009 for a detention hearing. The Defendant, John Nathan, was present and represented by Assistant Federal Public Defender Rita Bosworth. Assistant United States Attorney Denise Marie Barton appeared for the United States of America.

    Pretrial Services submitted a report to the Court that recommended detention. The Government requested detention; the Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

    The Defendant is accused of, *e.g.*, Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) which carries a maximum penalty of lifetime imprisonment. This is therefore a case in which there is a rebuttable presumption in

UNITED STATES V. NATHAN, CR No. 09-1163 JSW, [PROPOSED] ORDER OF DETENTION

1  favor of detention.  *See* 18 U.S.C. § 3142(e).

2       The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, sets forth four factors that the

3  Court must consider in determining whether pretrial detention is warranted.  These factors are:

4       (1)  the nature and circumstances of the offense charged (§ 3142(g)(1));

5       (2)  the weight of the evidence against the person (§ 3142(g)(2));

6       (3)  the history and characteristics of the person including, among other considerations,

7       character, employment, family, and past conduct and criminal history (§ 3142(g)(3)); and

8       (4)  the nature and seriousness of the danger to any person or the community that would

9       be posed by the person's release (§ 3142(g)(4)).

10       Upon consideration of the facts, proffers and arguments presented, the Court further finds

11  by clear and convincing evidence that no condition or combination of conditions of release will

12  assure the safety of the community.  In support of this finding, the Court relies upon the

13  following facts: the defendant has a criminal history that includes four felony drug convictions,

14  three of which were committed while the defendant was on parole for drug-related offenses; the

15  defendant has violated parole at least three times; and the defendant was on parole at the time of

16  the offense conduct in this case.

17       The Court further finds by a preponderance of the evidence that no condition or

18  combination of conditions of release will reasonably assure the appearance of the Defendant as

19  required.  In support of this finding, the Court relies upon the following facts: the defendant has

20  had seven bench warrants issued for his arrest in prior cases; the defendant has violated parole

21  three times; in this case, the alleged conduct occurred while the defendant was on parole; and

22  currently, there are no suitable sureties.

23       Accordingly, the Court concludes that the Defendant must be detained pending trial in

24  this matter.

25  //

26  //

27  //

28  //

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated:  December  18,  2009



_____
HON. _____ SPERO
United States _____ Judge